[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 9, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-13676

_____

D. C. Docket No. 03-00109-CR-JOF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GAIL DENISE HUTCHINSON,
a.k.a. Gail Porter,
RONALD MONROE LOTT,
a.k.a. Ronnie,
ROBERT HAYWOOD JOHNSON,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(November 9, 2007)**

Before BIRCH and BLACK, Circuit Judges, and MILLS,[*] District Judge.

PER CURIAM:

In this direct appeal of Gail Hutchinson's, Ronald Lott's, and Robert Johnson's criminal convictions, we determine whether the district court correctly withheld psychological testimony during the guilt phase of Johnson's trial, whether there was sufficient evidence to convict the three, and whether the district court correctly applied the sentencing guidelines to Hutchinson and Johnson. We AFFIRM.

## I. BACKGROUND

A grand jury charged Hutchinson, Lott, Johnson, and others with drug offenses and money laundering in a superseding indictment on 20 May 2003. On 4 November 2003, a jury found Hutchinson, Lott, and Johnson guilty on various counts. The appeals of the three were consolidated in this appeal. We will first address Johnson's psychological claim, then the sufficiency of evidence claims, and then Hutchinson's and Johnson's sentencing claims.

---

[*]Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

## II. DISCUSSION

A. <u>The Admissibility of Johnson's Psychological Evidence to Negate His Specific Intent</u>

Johnson appeals his 180-month prison sentence for conspiracy to possess with the intent to distribute at least five grams of cocaine base, under 21 U.S.C. §§ 841(b)(1)(B)(iii) and 846, and aiding and abetting in the distribution of at least five grams of cocaine base, under 21 U.S.C. § 841(b)(1)(B)(iii) and 18 U.S.C. § 2.

"The question of whether the district court properly excluded . . . psychiatric evidence . . . is subject to the abuse of discretion standard." <u>United States v. Cameron</u>, 907 F.2d 1051, 1061 (11th Cir. 1990). "Evidence offered as 'psychiatric evidence to negate specific intent,' is admissible, however, [only] when such evidence focuses on the defendant's specific state of mind at the time of the charged offense." <u>Id.</u> at 1067.

Johnson has a history of alcoholism, paranoia, psychosis, and hallucinations, and has been diagnosed with depression, post-traumatic stress disorder ("PTSD"), and schizophrenia. The magistrate judge ordered a determination of Johnson's competency to stand trial, and Dr. Ann E. McNeer evaluated the defendant on 28 May 2003 and 18 July 2003. Dr. McNeer's report considered Johnson's history, his affect at the time of the evaluation, results from psychological testing, his

competency to stand trial, and a section which addressed Johnson's possible mental state at the time of the alleged offenses.

The competency report concluded that Johnson was "very minimally competent to stand trial" and "probably did have the mental capacity to make very rudimentary plans to distribute drugs." Def.'s Ex. 1 at 6. The report, however, opined that it was "more likely . . . that [Johnson] would be used by other more intelligent motivated individuals as a delivery person" and "probable that Mr. Johnson was easily led by his friends, whom he stated he had known since high school." Id. These opinions followed Dr. McNeer's admission that she could not know the degree of Johnson's impairment at the times relevant to the charged crimes.

Three months after the competency evaluation, Johnson's attorney filed a notice denominated as "Defendant Johnson's Intention to Introduce Expert Testimony of His Mental Condition." The notice did not include the name of any expert expected to be called at trial, nor did it contain any experts' summaries. The district court allowed Johnson two days to proffer additional material. Johnson's attorney submitted nothing more than Dr. McNeer's competency report. The district court found Dr. McNeer's proffered testimony inadmissible under Fed. R. Evid. 702 and an analysis of the Insanity Defense Reform Act, 18 U.S.C. § 17.

The district court determined the competency report did not satisfy the requirements of Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993), and was thus inadmissible under Rule 702. The district court noted that Dr. McNeer employed no discernable scientific procedure to buttress her opinions about Johnson's specific intent at the time of the charged offenses. Dr. McNeer begins that section of her competency report stating "[i]t is difficult to say what Mr. Johnson's state of mind was at the time of his alleged offenses because the dates are ambiguous and they were some time ago." Def.'s Ex. 1 at 5. She ends that section acknowledging that Johnson's degree of impairment at the time of the charged offenses "is not known." Id. at 6. The district court correctly found the proffered evidence inadmissible because Rule 702 requires "more than subjective belief or unsupported speculation." Daubert, 509 U.S. at 590, 113 S.Ct. at 2795.

We analyzed the Insanity Defense Reform Act, 18 U.S.C. § 17, in United States v. Cameron, 907 F.2d 1051 (11th Cir. 1990). We decided that the use of psychological evidence to negate specific intent was allowed, but

> [b]ecause psychiatric evidence (1) will only rarely negate specific intent, (2) presents an inherent danger that it will distract the jury[] from focusing on the actual presence or absence of *mens rea*, and (3) may easily slide into wider usage that opens up the jury to [impermissible] theories of defense more akin to justification, district courts must examine such psychiatric evidence carefully to ascertain

5

whether it would, if believed, support a *legally acceptable* theory of lack of *mens rea*.

Id. at 1067 (quotations omitted). Due to the unspecific nature of Johnson's proffered psychological evidence, we cannot say that the district court abused its discretion when it found Dr. McNeer's competency report inadmissible at trial to negate Johnson's specific intent to enter into the conspiracy and to distribute crack cocaine. On the contrary, the record demonstrates that the district court carefully considered the competency report in light of our opinion in Cameron. It correctly decided that the proffered evidence tended more towards "evidence that []he 'lacked the capacity' or was 'incapable' of forming the intent necessary for the crime charged . . . . Such evidence is not 'psychiatric evidence to negate specific intent' and should not be admitted." Id. at 1066. Accordingly, we affirm the district court's decision to exclude Johnson's proffered psychological evidence from the guilt phase of the trial.

B. The Sufficiency of the Evidence

Hutchinson, Lott, and Johnson argue that there is insufficient evidence to sustain their convictions. "Whether there is sufficient evidence to support a conviction is a question of law which [we] review[] *de novo*." United States v. Tarkoff, 242 F.3d 991, 993 (11th Cir. 2001) (citing United States v. Majors, 196

6

F.3d 1206, 1210 (11th Cir. 1999)). "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979)). "In applying this standard all reasonable inferences and credibility choices must be made in favor of the jury verdict, and that verdict must be sustained if there is substantial evidence to support it." United States v. Young, 39 F.3d 1561, 1565 (11th Cir. 1994) (citing United States v. Hernandez, 896 F.2d 513, 517 (11th Cir. 1990)). These appellants argue separately that the prosecution presented insufficient evidence to support their various convictions for either: (1) conspiracy to possess with the intent to distribute; (2) aiding and abetting the distribution of cocaine base; or (3) conspiring to launder money. However, after examining the evidence in the light most favorable to the prosecution, we conclude a rational trier of fact could have found the essential elements of these crimes beyond a reasonable doubt. See Jackson, 443 U.S. at 319, 99 S.Ct. at 2789 (stating the analysis which should apply when reviewing the sufficiency of the evidence against a criminal defendant).

C. Sentencing Guideline Issues

Johnson appeals his 180-month prison sentence imposed after a jury trial for conspiracy to possess with the intent to distribute, and aiding and abetting in the distribution of at least five grams of cocaine base. Hutchinson appeals her 240-month prison sentence imposed after a jury trial for conspiracy to possess with the intent to distribute at least 50 grams of cocaine base, under 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846; aiding and abetting in distributing at least 5 grams of cocaine base, under 21 U.S.C. § 841(b)(1)(B)(iii) and 18 U.S.C. § 2; and money laundering, under 18 U.S.C. § 1956(a)(1) and (h).

Upon review of the record, and upon consideration of the parties' briefs, we find no reversible error with respect to either Johnson's or Hutchinson's respective sentences.

1. Johnson's Sentence

Johnson contends that his sentence is unreasonable because: (1) the jury found him less culpable than his codefendants; (2) his involvement was limited to storing and delivering drugs for a limited period of time; (3) he is 57 years old and suffers from many afflictions; and (4) his sentence was not tailored to fit the sentencing factors outlined in 18 U.S.C. § 3553(a).

We review Johnson's sentence for reasonableness.  United States v. Martinez, 434 F.3d 1318, 1322 (11th Cir. 2006) (per curiam); see United States v. Booker, 543 U.S. 220, 261, 125 S.Ct. 738, 765-66 (2005) (deciding that the guidelines are no longer mandatory, and sentences are subject to a reasonableness review on appeal).

In determining whether a sentence is reasonable, an appellate court should be guided by the § 3553(a) factors.  Booker, 543 U.S. at 261, 125 S.Ct. at 765-66; United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (per curiam). Section 3553(a) provides that district courts must consider, among other factors, (1) the applicable guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence; (6) protection of the public; and (7) the need to avoid unwarranted sentencing disparities.  18 U.S.C. § 3553(a).  Although the court must be guided by these factors, we have held that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."  United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).  "[A]n acknowledgment by the

9

district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam). Although a sentence within the advisory guidelines range is not per se reasonable, we ordinarily expect such a sentence to be reasonable. Id. at 788. The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Id. at 788.

Here, the record reveals that the district court properly considered both the § 3553(a) sentencing factors and the advisory guideline range in sentencing Johnson. The 180-month sentence was reasonable for several reasons. First, as in Scott, the district court explicitly stated that it had considered the § 3553(a) factors. The court did not need to state on the record its explicit consideration of every § 3553(a) factor. Second, the court properly considered Johnson's history and characteristics when it found that he suffered from schizophrenia and PTSD and needed mental health treatment. Third, the court considered the nature and circumstances of the crime by first observing that Johnson was involved in one of the largest ever drug trafficking cases in the city of Buford, then noting his conduct was less serious than that of his codefendants. Fourth, the court correctly considered the need for deterrence and protection of the public when it found that

10

Johnson would likely continue to commit crimes without appropriate treatment in a custodial setting. Finally, the court imposed a sentence significantly below the guideline range of 360 to 480 months based on the § 3553(a) factors. Johnson failed to carry his burden of showing that his 180 month sentence was unreasonable, and we affirm.

### 2. Hutchinson's Sentence

Hutchinson argues that her sentence enhancement violated her Sixth Amendment rights because the fact of her prior conviction was found by the district court and not charged in the indictment or proved to a jury beyond a reasonable doubt. She concedes that we have held that Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219 (1998), remains good law, but notes that the Supreme Court's decision in Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254 (2005), has called Almendarez-Torres into doubt, and she wants to preserve the issue. (Appellant's Br. at 21-22).

We review constitutional errors in sentencing de novo, but will reverse only for harmful error. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam). "To find harmless error, we must determine that the error did not affect the substantial rights of the parties." United States v. Hernandez, 160 F.3d 661, 670 (11th Cir. 1998).

11

We have consistently held that Almendarez-Torres remains good law.  In United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005), we stated that the decision in Almendarez-Torres was "left undisturbed by Apprendi, Blakely, and Booker,"[1] and that "a district court does not err by relying on prior convictions to enhance a defendant's sentence."

In Shepard, the Supreme Court reaffirmed the "categorical" approach to establishing predicate prior convictions for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and held that, where a prior state conviction resulted from a guilty plea, federal sentencing courts may only consider the terms of the charging document, the terms of a plea agreement, the transcript of the plea colloquy, or some comparable judicial record of this information, but not other underlying documents such as police reports.  Shepard, 544 U.S. at 19-26, 125 S.Ct. at 1259-63.  In United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005) (per curiam), we noted that, while Shepard arguably cast doubt on Almendarez-Torres, it did not overrule that decision.   See also United States v. Greer, 440 F.3d 1267, 1275 (11th Cir. 2006) ("Shepard does not bar judges from finding whether prior convictions qualify for ACCA purposes; it restricts the

---

[1]Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004); United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).

12

sources or evidence that a judge (instead of a jury) can consider in making that finding.").

The district court's determination that Hutchinson had a prior drug conviction, which mandated a minimum sentence of 20 years, did not implicate the Apprendi/Blakely/Booker line of cases. The court did not engage in improper fact-finding that invaded the province of the jury. The judgment of conviction submitted by the government with the 21 U.S.C. § 851 information established that Hutchinson is subject to the mandatory minimum sentence of 20 years set forth in 21 U.S.C. § 841(b)(1)(A). We affirm Hutchinson's sentence.

## II. CONCLUSION

Hutchinson, Lott and Johnson seek review of their convictions and sentences for various drug and money laundering counts. After reviewing Johnson's psychological evidence, the sufficiency of the evidence against all three, and the sentences of Hutchinson and Johnson, we find no merit in their various claims. Accordingly, the appellants' convictions and sentences are **AFFIRMED**.